# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

RICHARD ROCKHILL        CIVIL ACTION NO. 6:13 -cv-1160
       LA. DOC #468163
VS.        SECTION P

       JUDGE RICHARD T. HAIK, SR.

THOMAS R. DUPLANTIER, ET AL.    MAGISTRATE JUDGE PATRICK J. HANNA

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Richard Rockhill, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 16, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. He complains that he was wrongly served with an altered restraining order in April 2013 while he was in Lafayette. He sued Jessica Ward, the woman who applied for the restraining order, and Judge Thomas Duplantier of the Fifteenth Judicial District Court, Lafayette Parish, the judicial officer who apparently issued the order.

Plaintiff prayed for money damages and asked that criminal charges be filed against Ms. Ward and that Judge Duplantier be terminated from employment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from a defendant who is immune from suit.

*Background*

On March 22, 2013 Jessica Ward obtained a restraining order against plaintiff and he was given a hearing date of April 22, 2013. Plaintiff implies that Judge Duplantier issued the order. On that date he was not taken to Court and the restraining order expired. Thereafter he was provided a Special Citation. The State Seal was "marked out" and a new Court date was stamped upon it. Plaintiff's request for "letters evidence" from the Fifteenth Judicial District Court were ignored. Plaintiff prays for compensatory damages of $250,000 against both defendants. He requested that charges be filed against Ms. Ward and that Judge Duplantier be terminated from his position as Judge of the Fifteenth Judicial District.

*Law and Analysis*

*1. Screening*

When a prisoner or detainee is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).   A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

However, in order to benefit from this assumption of truthfulness, a civil rights plaintiff

must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 596 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint outlining the broad contours of his claim. Further amendment would serve no useful purpose.

## 2. Judicial Immunity

Plaintiff sues Judge Thomas Duplantier, a duly elected judge of the Fifteenth Judicial District Court.[1]  He seeks money damages and the termination of Judge Duplantier's employment based on allegations that he wrongly issued a restraining order.

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994);  *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for

---

[1] http://www.15thjdc.org/site19.php

3

na

his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is  necessary because a judge  "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).  Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of

his judicial capacity, the court should consider a variety of factors:  (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;  (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.  *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Clearly, plaintiff sues Judge Duplantier for acts that arose out of his  normal judicial function and he is therefore entitled to absolute judicial immunity insofar as plaintiff seeks money damages against him.

Plaintiff also seeks the termination of Judge Duplantier's employment.  As noted above, Judge Duplantier is a duly elected public official of the State of Louisiana. This Court lacks the authority or jurisdiction to terminate his employment.  Plaintiff's claims against Judge Duplantier are clearly frivolous.

*3. State Actor*

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person <u>acting under color of state law</u>.

The complaint is devoid of any allegation which indicates that Jessica Ward was acting under the color of state law.   Absent some allegation to establish that this defendant was a "state actor," plaintiff's complaint must be dismissed as frivolous.

In addition, plaintiff asks that criminal charges be filed against Ms. Ward.  Decisions whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); see also *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

### Conclusion and Recommendation

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from a defendant who is immune from suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response

to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana June 24, 2013.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**